707 S.E.2d 424

**In the Matter of Sheryl Sisk SCHELIN, Respondent.**

**No. 26945.**

Supreme Court of South Carolina.

Submitted Feb. 22, 2011.

Decided March 21, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Erika M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Cynthia Barrier Patterson, of Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to disbarment. We accept the Agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent was retained by ten clients to file bankruptcy actions on their behalf. Respondent accepted payments from the clients, including, in many cases, court filing fees, in excess of $15,000, but failed to perform any meaningful work on the cases or to diligently represent the clients and pursue their actions. Indeed, respondent never actually filed a bankruptcy action on behalf of any of the clients. Respondent failed to respond to telephone calls and emails from clients and failed to keep them reasonably informed of the status of their cases. Respondent also failed to refund to the clients that portion of the fees and costs that was not yet earned or incurred because respondent had converted the funds for her personal use. Finally, respondent failed to return the clients' documents and other materials in their files.

### Matter II

A client endorsed and returned to respondent a settlement check in the amount of $2,000. Respondent cashed the check but failed to disburse any proceeds to the client. Respondent also failed to communicate with the client about the status of the settlement proceeds or about the client's pending case.

### Matter III

On July 10, 2008, respondent was retained to represent a client in a civil action. Respondent agreed to represent the client on a contingency basis in addition to a $1,000 fee. The client also paid respondent $350 for filing fees. Respondent failed to keep the client informed regarding the status of her

case and failed to respond to the client's emails, faxes, text messages or telephone calls. Respondent informed the client that an additional $1,200 to $1,500 may be required for personal service. The client requested a written explanation of the additional fees. However, respondent failed to send the client a letter of explanation regarding the additional fees. Respondent failed to refund the client that portion of her fees and costs that was not yet earned or incurred because respondent had converted the funds for her personal use. Respondent failed to diligently represent the client in the civil action.

### Matter IV

Respondent was paid $500 by a client to represent the client in a wrongful termination action. Thereafter, respondent informed the client that due to the loss of respondent's electronically-stored information, respondent may have miscalculated the filing date for one of the client's statutory claims. Respondent also informed the client that due to the miscalculation error, respondent would represent the client free of charge and pay all costs of litigation. However, respondent failed to file any actions on respondent's behalf regarding the wrongful termination claim. She also failed to refund the $500 retainer fee, as she had agreed to do. Respondent failed to diligently represent the client in the action and failed to perform any meaningful work on the case. Respondent also failed to timely respond to the client's telephone calls and faxes and failed to keep the client reasonably informed of the status of the case.

### Failure to Respond

Respondent was served with notices of full investigation in each of these matters, but failed to respond or otherwise communicate with ODC in response to the notices.

### Law

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which

they are to be pursued); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, keep the client reasonably informed about the status of the matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall hold client funds in the lawyer's possession in connection with a representation in a separate trust account to be withdrawn by the lawyer only as fees are earned or expenses incurred); Rule 1.16 (upon termination of representation, a lawyer shall surrender papers and property to which the client is entitled and refund any advance payment of fees or expenses that has not been earned or incurred; the lawyer may retain papers relating to the client to the extent permitted by other law and may retain a reasonable nonrefundable retainer); Rule 8.1(b) (a lawyer, in connection with a disciplinary matter, shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent further admits her misconduct constitutes grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to knowingly fail to respond to a lawful demand from a disciplinary authority to include a request for a response); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice, bring the courts or legal profession into disrepute, or demonstrating an unfitness to practice law).

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court. Within thirty (30) days of the date of this opinion, respondent shall enter into a restitution agreement with ODC in the amount of $17,945.

**DISBARRED.**